## IN THE UNITED STAETS COURT OF FEDERAL CLAIMS

Judge Nancy B. Firestone
No. 09-702 T

ESTATE OF MICHAEL ORLANDO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff opposes Defendant's Rule 12(b)(6) motion to dismiss the Complaint for lack of subject matter jurisdiction. Plaintiff contends that this case was timely filed as required by 26 U.S.C. §6532(a).

### FACTS

The liability alleged against the Estate herein is predicated, in large part, upon the failure of the Defendant to take the steps necessary to preserve its rights to payment against the primary liability of Ultimate Display, and the secondary liability of Michael Orlando. If there is confusion about the Statue of Limitations (and plaintiff claims that there is not), it is based entirely upon the notices sent by the IRS

which , in and of themselves, establish that this action was timely filed.

The facts will also show that the estate has no liability whatsoever for the assessed taxes, because there was no timely assessment against either the Estate or the executrix or personal representative of the deceased, as required by law. Without a timely assessment, no statute of limitations ever came into play. The Defendant cannot create tax liability where there is none, simply by asserting that the statute of limitations has expired to challenge a claim that Defendant never effectively assessed.

The foundation of this action occurred in 2001, when Ultimate Displays Industries, Inc. ("Ultimate") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. Defendant filed a priority claim for trust fund taxes against the Estate.

The Bankruptcy proceeding was thereafter converted to a Chapter 7 proceeding, and control of Ultimate passed to the Creditor's Committee. It is undisputed that the Creditor's Committee filed an objection to the Defendant's priority proof of claim, to which the Defendant failed to respond. Because of its failure to respond, Defendant's claim was disallowed in its entirety.

There were sufficient assets in the bankrupt estate to have satisfied the claim in full, had the Defendant undertaken the simple expedient of responding to the Creditor's Committee objection, whereupon Defendant's claim would have been entirely satisfied.

Having failed to collect from the person primarily liable, the Defendant then proceeded to attempt to collect from Michael Orlando, who died in 2003. Thereafter, the IRS sought to collect against "Michael Orlando, deceased."

On March 7, 2006, the Estate filed a claim for Refund or Abatement of Taxes upon two grounds: (1) there was no assessment against the Estate of Michael Orlando, which was the only party which could have been legally responsible for the debts of Michael Orlando; (2) the IRS should be precluded from collection, based upon the above-detailed negligent failure to collect from the primary responsible party, Ultimate, at a time when there were sufficient assets to pay the liability in full. The claim is attached hereto as Exhibit "A".

On April 12, 2006, the IRS denied the request for abatement. The letter, attached hereto as Exhibit "B" stated, in pertinent part, as follows:

> If you do not accept our conclusion, you may request reconsideration by the Internal Revenue Service's local Office of Appeals. You should make the request for an

> Appeals conference within 30 days of the date of this letter.
>
> ….
>
> If you wish to bring suit or proceedings for recovery of any tax, penalties, and other monies that were paid, and for which this notice of disallowance is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims.  The law permits you to do so within two years of the mailing date of this letter.  Please note, that even though you have complied with the requirements of Internal Revenue code section 6672(c)(1) up to this point, the Internal Revenue Service may initiate collection action for the remaining unpaid portion of this liability if you do not file suit within 30 days from the date of this letter.

On April 19, 2006, the Estate filed a timely appeal of the disallowance, under the provisions set forth in the letter, a copy of which is attached hereto as Exhibit "C."  Subsequent submissions on May 18, 2007 and June 28, 2007, are collectively attached hereto as Exhibit "D".

On October 25, 2007, the IRS disallowed the appeal.  The letter disallowing the appeal, a copy of which is attached hereto as Exhibit "E," stated, in pertinent part:

> If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims. **The law permits you to do this within 2 years from the mailing date of this letter.**  However, if you signed a waiver of the notice of claim disallowance (Form 2297), the period for bringing suit began to run of the date you filed the waiver.  (Emphasis added).

On October 19, 2009, within two years of the letter of October 25, 2009, Plaintiff filed the instant suit. Defendant now moves to dismiss, upon the ground that the action was not timely commenced.

**ARGUMENT**

### 1. **The Action was Timely Commenced**

Defendant relies primarily upon *Marcinkowsky v. United States,* 44 Fed. Cl. 610 (1999) *aff'd* 206 F.3d 1419 (Fed. Cir. 2000), claiming that this Court has "considered this very factual scenario" and rejected the contention that a second letter resulting from an administrative appeal tolls the time period. To the contrary, *Marcinkowsky* is distinguishable from this case in significant aspects, and the cases which present "this very factual scenario" have held that the limitations period runs from the second letter.

In *Marcinkowsky,* the defendant received a letter disallowing his claim. Unlike in this case, the letter stated as follows:

> This letter is your legal notice that we have disallowed you claim(s). If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Claims Court. These courts are independent bodies and have no connection with the Internal Revenue Service.
>
> The law permits you to do this within 2 years from the mailing date of this letter. **If you decide to appeal our**

**decision first, the two year period still begins from the mailing date of this letter.** 44 Fed. Cl. at 611. (Emphasis added)

The follow-up letter contained no statement regarding the statute of limitations, but did state that the IRS now considered the case "closed." Plaintiff filed within two years of the second letter. The court held that the statute of limitations ran from the date of the first letter. The Court further noted however, that if the IRS sent a second "equally formal" notice of disallowance, by certified mail, and granting two years to sue, the situation would be different. *Id.* at 613.

Here, as shown above, a second, "equally formal" notice was sent to the Plaintiff by certified mail. It granted the plaintiff two years from that letter to sue. In other situations like this one, the Courts have held that the Statute of Limitations ran from the second letter.

In *L & H Company, Inc. v. United States,* 761 F. Supp. 572 (N.D. Ill. 1991) *aff'd* 963 F.2d 949 (7th Cir. 1992) and *Southeast Bank of Orlando v. U.S.,* 230 Ct. Cl. 277 (1982), the courts held that a second formal letter, explicitly stating that the taxpayer had two years from the date of that letter to file suit, restarts the statute of limitations. Regarding the prohibition of an extension of time based upon reconsideration, contained in 26 U.S.C. §6532(4), the Courts held that this was

6

addressed to informal reconsideration, not the appeals process in those cases or in this cases.

In the alternative, the Courts held that the second letter giving the taxpayer two years from the date of the letter to file an action, constituted a written extension of the statute of limitations specifically allowed by 26 U.S.C. §6532(2). It should be noted that this is not an "equitable tolling" of the statute of limitations, but an extension of time specifically authorized by the provisions of the statute.

Whatever the rationale, the second letter extended the statute of limitations, and it ran two years from the date of the second letter, October 25, 2007. The Defendant has not claimed that this suit was outside the date permitted by the second letter. Therefore, Defendant's motion should be denied.

## 2.  The Estate Has No Liability

Another reason to deny the Defendant's motion is that the Estate cannot be liable for any taxes in the absence of an assessment. The Defendant, in effect, seeks to bootstrap liability which never existed in the first place.

Defendant never assessed any liability against the estate of Michael Orlando, or against the personal representative of Michael Orlando. Rather, the assessment was only against Michael Orlando, deceased. Thus, this assessment was wholly

ineffective to create liability against the estate, and the time for an assessment is long past.

The issue of whether a claim or cause of action survives the death of the person against whom the claim has been assessed is governed by the law of the State in which the person resided. *Erie Railroad v. Tompkins,* 304 U.S. 64 (1938); *Hulburd v. CIR,* 296 U.S. 300 (1935); *Sullivan v. Associated Billposters & Distributors of the U.S. and Canada,* 6 F.2d 1000 (2d Cir. 1925); *McManus v. Lykes Bros. S.S. Co.,* 275 F. Supp. 361 (D. La. 1967). In New York, any proceedings against a deceased person are a nullity. A proceeding can only be maintained against the personal representative or against the Estate. *Outing v. Mathis,* 304 A.d.2d 670 (2d Dept. 2003); *Waldman v. Mechanical Systems, Inc.,* 294 A.D.2d 354 (2d Dept. 2002). There was no such assessment, and no such proceedings, against the Estate of Michael Orlando.

In a case similar to this one, the United States Supreme Court held that the proper person must be assessed in order for an assessment to be enforceable. In *Hulburd v. CIR, supra,* taxes were assessed against an estate after the assets of the estate had been distributed. The Commissioner did not isuse any assessments against any of the beneficiaries, relying upon the assessment against the estate on which to predicate liability.

The beneficiaries protested the assertion that they were liable under the assessment against the estate.

The Court held that an assessment against the estate did not charge any other person with the liability, and could not be the basis of collection from the beneficiaries. It further held that the fact that the beneficiaries protested their liability did not operate as a waiver of the argument that they had not been properly assessed, or as an agreement that they were liable. A proceeding on one assessment cannot be turned into a proceeding to review the validity of an assessment that has, in fact, never been made.

The government cannot use the existence of this proceeding to create an assessment that never existed. Since there is no assessment against the estate, the statute of limitations to challenge their liability has never commenced to run. This Court should retain jurisdiction over this action, and declare that the Estate is not liable for an assessment against Michael Orlando, deceased.

## CONCLUSION

Defendant's motion should be denied.

Respectfully submitted,

JAMES O. DRUKER
KASE & DRUKER, ESQS.
Attorneys for Appellant
1325 Franklin Avenue
Suite 225
Garden City, New York 11530
(516) 746-4300

James O. Druker, Esq.
Paula Schwartz Frome, Esq.
    of Counsel