# In the United States Court of Federal Claims

No. 09-702T
(Filed: August 26, 2010)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | * |
| | * |
| ESTATE of MICHAEL | * Motion to Dismiss RCFC 12(b)(1); |
| ORLANDO, | * Timeliness of Action Challenging a |
| | * Tax Assessment Against an Alleged |
| Plaintiff, | * "Responsible Person" under 26 U.S.C. |
| | * § 6672; 26 U.S.C. § 6532(a)(1) Statute |
| v. | * of limitations; No Equitable |
| | * Exceptions to Filing Period; |
| THE UNITED STATES, | * Prerequisites for Extension Not Met, |
| | * 26 C.F.R. § 301.6532-1(b). |
| Defendant. | * |
| | * |
| * * * * * * * * * * * * * * * * * * | |

*James O. Druker,* Garden City, NY, for plaintiff. *Paula Schwartz Frome,* Garden City, NY, of counsel.

*Christopher S. Dove,* U.S. Department of Justice, Washington, DC, with whom were *John J. DiCicco,* Acting Assistant Attorney General, and *Steven I. Frahm*, Chief, Court of Federal Claims Section for defendant.

### OPINION ON MOTION TO DISMISS

**FIRESTONE**, *Judge*.

This case involves the April 5, 2005 Internal Revenue Service ("IRS") assessment

of the penalty provided by 26 U.S.C. § 6672 (1998) ("Section 6672")[1] against "Michael

---

[1] 26 U.S.C. § 6672(a) provides in relevant part that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . [shall] be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Orlando, deceased." The plaintiff in this case is the Estate of Michael Orlando ("the plaintiff" or "Mr. Orlando's estate"). The complaint seeks recovery of the penalty imposed on Michael Orlando as a responsible party because he served as the president of a company that failed to pay employment taxes. Pending before the court is the motion of the defendant, the United States ("the defendant" or "the government"), to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims for lack of subject matter jurisdiction.

The government has moved to dismiss the complaint on the grounds that it is barred by the two-year statute of limitations contained in subsection (a)(1) of 26 U.S.C. § 6532 (2005) ("Section 6532") because the lawsuit was not filed within two years after the IRS disallowed plaintiff's claim for recovery of the penalty. 26 U.S.C. §6532(a)(1) (2005) ("Section 6532(a)(1)") states:

> No suit or proceeding under [26 U.S.C. § 7422(a) (2005) ("Section 7422(a)")] for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, <u>nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates</u>.

Section 6532(a)(1) (emphasis added). Section 7422(a) provides, in turn,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations

of the Secretary established in pursuance thereof.

Section 7422(a).

For the reasons that follow, the government's motion is **GRANTED**.

## BACKGROUND FACTS

The following background facts are taken from the pleadings and are, for the purposes of a motion to dismiss, taken as true. United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006)

In 2001, Mr. Orlando served as the president of Ultimate Display Industries, Inc. ("the company"). The company filed for Chapter 11 bankruptcy protection on June 4, 2001. The defendant filed a priority claim for the employment taxes that gave rise to the Section 6672 penalty in this case. Thereafter, the proceeding was converted to a liquidation proceeding under Chapter 7 of the Bankruptcy Code and control of the company was transferred to the Creditor's Committee. Mr. Orlando died on September 5, 2002. On September 12, 2003, the Creditor's Committee filed an objection to the proof of claim filed by the defendant for those taxes. The plaintiff claims that the defendant failed to respond to that objection in a timely fashion, resulting in the defendant being barred from collecting its priority claim. (See Compl. ¶ 27.)

On April 7, 2005, the defendant, pursuant to Section 6772, assessed a penalty of $376,074.72 against "Michael Orlando, deceased" stemming from unpaid employment taxes for the second quarter of 2001 and the second, third, and fourth quarters of 2002. On

June 24, 2005, the defendant abated the penalties for the fourth quarter of 2002 on the basis that Mr. Orlando had passed away before the start of that quarter. The remaining penalty was $255,497.49. On March 15, 2006, the plaintiff paid the IRS a total of $150.00, which represented $50.00 for each of the three quarters at issue. On the same day, the plaintiff filed a claim with the IRS for a refund of this amount. The claim was disallowed on April 12, 2006 by a letter sent certified mail. The letter stated:

> If you wish to bring suit or proceedings for recovery of any tax, penalties, and other monies that were paid, and for which this notice of disallowance is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims. <u>The law permits you to do so within two years of the mailing date of this letter</u>.

(Ex. B to Compl. (Letter from W. Valenti, Technical Services Group Manager, Small Business/Self-Employed Division, IRS, to Barry Honigman[2] (Apr. 12, 2006) ("April 2006 letter")) (emphasis added).)

On April 19, 2006, the plaintiff filed a letter of appeal with the defendant. The plaintiff filed supplemental letters on May 18, 2007 and June 28, 2007. On October 25, 2007, the appeal was denied in a letter sent certified mail. This letter stated:

> If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims. <u>The law permits you to do this within 2 years from the mailing date of this letter</u>.

(Ex. E to Compl. (Letter from Katherine Heyden, Appeals Team Manager, IRS Appeals

---

[2]Mr. Honigman, an attorney, represented the plaintiff before the IRS.

Office, to Donna Orlando[3] (Oct. 25, 2007) ("October 2007 letter") (emphasis added)).) The plaintiff filed suit in this court on October 21, 2009, which was within two years of the mailing date of the October 2007 letter but more than two years after the mailing date of the April 2006 letter.[4]

## THE PARTIES' ARGUMENTS

The focus of the dispute at this stage is whether the plaintiff's claim is barred by the two-year statute of limitations contained in Section 6532(a)(1). The government claims that this court does not have jurisdiction because the two-year statute of limitations began to run on the mailing date of the first letter denying the claim on April 12, 2006. Because the plaintiff did not file the instant suit until October 2009, argues the government, the suit was filed out-of-time and must be dismissed. In response, the plaintiff asserts that the October 2007 letter denying the plaintiff's appeal to the IRS (which was sent within two years of the April 2006 letter) extended the time for filing suit to October 2009. The plaintiff asserts that the second letter serves as an "agreement" by the IRS to extend the statute of limitations. Such agreements are allowed under 26 U.S.C. § 6532(a)(2) (2005) ("Section 6532(a)(2)"), which states, "The 2-year period . . . shall be extended for such

---

[3] Donna Orlando is Mr. Orlando's widow and the executrix of her late husband's estate.

[4] The court notes that the pleadings do not indicate that the IRS has assessed any liability for the Section 6672 penalty against the estate of Michael Orlando. The plaintiff asserts that under controlling New York law, "Michael Orlando, deceased," against whom the assessment was made, is distinct from the estate of Michael Orlando and any action must be maintained against the estate. (See Pl.'s Opp'n to Mot. Dismiss ("Pl.'s Opp'n") 7-9.) The plaintiff argues that the statute of limitations for the IRS to seek recovery from the estate has passed. However, because the court finds that it does not have jurisdiction over the plaintiff's complaint in the first instance, it does not reach these issues.

period as may be agreed upon in writing between the taxpayer and the Secretary."

The government responds that the October 2007 letter met neither the statutory nor the regulatory requirements for an agreement to extend the time for filing suit. Therefore, argues the government, the time for filing suit expired in April 2008, and the case must be dismissed. The government further argues that regardless of any confusion that the second letter caused, there is no equitable exception to the statute of limitations.

## STANDARD OF REVIEW

The plaintiff bears the burden of establishing subject matter jurisdiction, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). When considering a motion to dismiss for lack of subject matter jurisdiction, the court will accept the complaint's undisputed allegations as true and construe the complaint in a manner favorable to the plaintiff. United Pac. Ins. Co., 464 F.3d at 1327-28. Subject matter jurisdiction may not be waived or forfeited; when a court concludes that it lacks jurisdiction, the complaint must be dismissed. See John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006), aff'd, 552 U.S. 130 (2008).

## DISCUSSION

**I.     The April 2006 Letter Was the Notice of Disallowance and the October 2008 Letter Did Not Meet the Requirements of an Agreement under Section 6532(a)(2) or Its Implementing Regulation so as to Extend the 2-year Filing Deadline.**

Before discussing the parties' arguments, the court deems it useful to discuss the operation of the statute of limitations contained in Section 6532(a)(1) and its application to the instant case. As explained above, Section 6532(a)(1) gives the taxpayer two years from the mailing date of a notice of disallowance to file suit. <u>See</u> Section 6532(a)(1). In this case, the April 2006 letter was the notice of disallowance of the plaintiff's claim. This letter correctly stated, "The law permits you to [file suit] within two years of the mailing date of this letter." (April 2006 letter.) The October 2007 letter, which notified the plaintiff that its appeal had been denied, contained the statement, "The law permits you to [file suit] within 2 years from the mailing date of <u>this</u> letter." (October 2007 letter (emphasis added).) This October 2007 representation by the IRS Appeals Office was, however, legally incorrect. The two-year period runs from the date the notice of disallowance is sent and, by statute, it is not tolled by any administrative appeals. <u>See</u> 26 U.S.C. § 6532(a)(4) (2005) ("Section 6532(a)(4)") ("Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun."). The only exception from the strict filing deadline is found in Section 6532(a)(2), which allows for the IRS and the taxpayer to enter into a written agreement to extend the statute of limitations.

In its reply brief, the plaintiff argues that the October 2007 letter should be construed as a written agreement to extend the statute of limitations under Section

6532(a)(2) and, thus, the complaint was timely filed.[5]  (See Pl.'s Opp'n 7.)  In response, the government argues that this interpretation does not comport with the language of either the statute or its implementing regulation, 26 C.F.R. § 301.6532-1 (1967).

The court agrees with the government.  As the government notes, 26 C.F.R. § 301.6532-1 establishes requirements for a valid written agreement, which were not met by the October 2007 letter.  26 C.F.R. § 301.6532-1(b) states:

> The 2-year period . . . may be extended if an agreement to extend the running of the period of limitations is executed.  <u>The agreement must be signed by the taxpayer or by an attorney, agent, trustee, or other fiduciary on behalf of the taxpayer.</u>  If the agreement is signed by a person other than the taxpayer, it shall be accompanied by an authenticated copy of the power of attorney or other legal evidence of the authority of such person to act on behalf of the taxpayer.  If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature of a duly authorized officer of the corporation.  <u>The agreement will not be effective until signed by a district director, a director of an internal revenue service center, or an assistant regional commissioner.</u>

26 C.F.R. § 301.6532-1(b) (emphasis added).

In the October 2007 letter, the IRS stated, "<u>The law permits you</u> to [file suit] within 2 years from the mailing date of this letter."  (October 2007 letter (emphasis added).)  On its face, this sentence is not an agreement or even an offer to extend the statute of limitations by two years.  Rather, it is only an <u>explanation</u>, albeit an incorrect one, of what the law permits.

Even if the October 2007 letter could be construed to be an "extension" of the

---

[5] Section 6532(a)(2) provides: "The 2-year period . . . shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary."  Section 6532(a)(2).

limitations period, it would still not meet the requirements for an "agreement" under the applicable regulation. The October 2007 letter was not signed by "the taxpayer or by an attorney, agent, trustee, or other fiduciary on behalf of the taxpayer" as required by 26 C.F.R. § 301.6531-1(b). Nor was it signed by "a district director, a director of an internal revenue service center, or an assistant regional commissioner." See 26 C.F.R. § 301.6531-1(b). Rather, the letter was signed by Katherine Heyden, the Appeals Team Manager of the Hempstead, New York IRS Appeals Office.

For all of these reasons, the October 2007 letter does not constitute a "written agreement" to extend the time for filing suit as provided for in Section 6532(a)(2). Therefore, the October 2007 letter did not extend the time for filing suit beyond two years of the mailing date of the April 2006 letter.

## II. This Court Is Not Permitted to Grant an Equitable Exception to the Two-Year Statute of Limitations Contained in Section 6532(a)(1).

As this court concludes today that there is no statutory or regulatory exception that would permit the plaintiff to file suit more than two years after the mailing date of the April 2006 letter, only an equitable exception, if available, would permit this court to hear the plaintiff's complaint. Unfortunately for the plaintiff, no such equitable exception is permitted by law.

In United States v. Brockamp, 519 U.S. 347, 348 (1997), the Supreme Court considered whether courts may toll, "for nonstatutory equitable reasons, the statutory time . . . limitations for filing tax refund claims set forth in [26 U.S.C.] § 6511 [(1994)

("Section 6511")]"[6] and found that they could not. While the Court noted that "[o]rdinarily limitations statutes use fairly simple language, which one can often plausibly read as containing an implied 'equitable tolling' exception," it noted that "[Section] 6511 uses language that is not simple" and that "[i]t sets forth its limitations in a highly detailed technical matter, that, linguistically speaking, cannot easily be read as containing implicit exceptions." Brockamp, 519 U.S. at 350. The Court also noted that "[Section] 6511 reiterates its limitations several times in several different ways." Id. at 351. The Court concluded that "Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote." Id. at 352; see also John R. Sand & Gravel, 552 U.S. at 133-34 (citing Brockamp and describing the statute of limitations contained in Section 6511 as "jurisdictional" and "limiting the scope of a governmental waiver of sovereign immunity" (internal quotation marks omitted)).

The Federal Circuit, relying on the Supreme Court's holding in Brockamp, determined that, like Section 6511, Section 6532 does not contain an implicit equitable exception. In RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998), the Federal Circuit stated:

---

[6]Section 6511 sets forth the statute of limitations for filing a refund claim with the IRS. Section 6532, in contrast, sets forth the statute of limitations for filing suit where, inter alia, a claim brought under Section 6511 has been denied.

> The statute of limitations in this case, [Section] 6532, is part of the same statutory scheme as the statute of limitations in Brockamp. Section 6532(a) sets forth its limitations in a detailed, technical manner, and reiterates the two year limitations in subsections (1), (2) and (3). See [Section] 6532(a). It prescribes a particular process for extending the two year period in subsection (2), and this strongly implies that there are no other exceptions to the statutory period. See [Section] 6532(a)(2). Moreover, subsection (4) states that any further action taken by the Secretary after a notice of disallowance is mailed to the taxpayer does not operate to extend the statutory period. See [Section] 6532(a)(4). <u>This language explicitly prohibits equitable considerations based on the actions of the IRS after a notice is mailed. . . . Based on this analysis, there is less reason to believe that [S]ection 6532 has an implied equitable exception than [S]ection 6511, which was examined by the Supreme Court in Brockamp.</u>

Id. at 1462 (emphasis added);[7] see also TRW, Inc. v. Andrews, 534 U.S. 19, 28 (2001) ("'Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.'" (quoting Andrus v. Glover Constr. Co., 446 U.S. 608, 616-17 (1980)).[8]

---

[7] The court notes that the instant case, like RHI Holdings, involves the doctrine of equitable estoppel rather than the doctrine of equitable tolling, which was the focus of the Supreme Court in Brockamp. See RHI Holdings, 142 F.3d at 1461.

[8] In their filings, the parties devote significant space to a debate over the applicability of the Federal Circuit's holding in Marcinkowsky v. United States ("Marcinkowsky II"), 206 F.3d 1419 (Fed. Cir. 2000) to the facts of the instant case. See Marcinkowsky II, 206 F.3d 1419, aff'g Marcinkowsky v. United States, 44 Fed. Cl. 610, 612 (1999) ("Marcinkowsky I") (collectively, "the Marcinkowsky cases"). In the Marcinkowsky cases, the taxpayer had received a $100,000 settlement for wrongful termination from which federal income tax and FICA (Social Security and Medicare) taxes were withheld. He filed two separate refund requests, one in July 1994 for a refund of the income tax and one in June 1995 for a refund of the FICA taxes. These claims were denied by separate letters, the first sent in September 1994 and the second sent in August 1995. Both letters stated, "'The law permits you to [file suit] within two years from the mailing date of this letter. If you decide to appeal our decision first, the two year period still begins from the mailing date of this letter.'" Marcinkowsky II, 206 F.3d at 1420 (quoting the letters).

   Mr. Marcinkowsky then requested administrative review within the IRS, and various exchanges took place between Mr. Marcinkowsky and the IRS until April 24, 1998, when the IRS informed Mr. Marcinkowsky by letter that his claim was denied. The letter concluded: "If you wish to appeal our decision, you can file suit in the Federal District Court or the Federal Court of Claims [sic]. By

11

Thus, even though the IRS stated in the October 2007 letter that "[t]he law permits [the taxpayer to file suit] within 2 years from the mailing date of this letter," that statement was legally incorrect. The plain language of Section 6532(a)(1) states that a refund claim may not be brought "after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." Section 6532(a)(1). In such circumstances, the April 2006 letter, which disallowed the claim, established the operative date. Because the plaintiff filed the instant suit was filed more than two years after that date, the court has no choice but to dismiss the complaint.[9]

---

providing you with this information, we are concluding our research in this matter and will consider your case closed." Id. at 1421. The plaintiff did not allege, however, that this letter made any statement regarding the two-year statute of limitations. Rather, the plaintiff asserted that the IRS's actions during the administrative appeal extended the statute of limitations. The trial court held, and the Federal Circuit affirmed, that the April 24, 1998 letter did not toll the statute of limitations. Notably, however, more than two years had passed after the notices of disallowance were passed and the 1998 letter was sent. See Marcinkowsky II, 206 F.3d at 1422 ("We take note that the two-year time for filing a refund suit based on the 1994 and 1995 denials had passed before the IRS wrote to Mr. Marcinkowsky in 1998.").

    The government argues that the Marcinkowsky cases concerned the same factual scenario as presented by the instant case and thus makes it clear that regardless of whether a second letter from the IRS incorrectly states that the taxpayer has two years from the mailing date of the second letter to file suit (as opposed to two years from the mailing date of the first letter), the court may not grant an equitable exception to the statute of limitations contained in Section 6532(a)(1). In response, the plaintiff argues that the facts of the Marcinkowsky cases were significantly different than those of the instant case and therefore, the Federal Circuit's holding in Marcinkowsky II is not controlling.

    The court agrees with the plaintiff that there are differences between the facts of Marcinkowsky II and the instant case. However, the differences are not of consequence given the decision in RHI Holdings, in which the Federal Circuit expressly held that there is no equitable exception to the strict two-year statute of limitations found in Section 6532(a)(1). See RHI Holdings, 142 F.3d at 1461-62. That decision, as discussed above, is controlling.

    [9]The plaintiff also points to two cases discussed in Marcinkowsky I, L & H Co., Inc. v. United States, 761 F. Supp. 572 (N.D. Ill. 1991), aff'd, 963 F.2d 949 (7th Cir. 1992), and Se. Bank of Orlando v. United States, 230 Ct. Cl. 277 (1982), in which the courts dealt with similar facts but found that equitable principles suggested that the statute of limitations should run from the date of the latter letter denying reconsideration. Both of these cases were decided before RHI Holdings, in which the Federal Circuit

The court understands that the October 2007 letter's legally incorrect statement may have confused the plaintiff. However, as the Supreme Court noted in Brockamp,

> The IRS processes more than 200 million tax returns each year. It issues more than 90 million refunds. To read an "equitable tolling" exception into [Section] 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification. The nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system.

Brockamp, 519 U.S. at 352-53 (citations omitted); see also id. at 352 ("Tax law . . . is not normally characterized by case-specific exceptions reflecting individualized equities."); Walther v. United States, 54 Fed. Cl. 74, 76 (2002) ("Statutes of limitations for tax refunds 'are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by Congress, not the courts.'" (quoting Kavanagh v. Noble, 332 U.S. 535, 539 (1947))); see also Thomasson, 1997 WL 220321 at *4 ("The court does not condone the behavior of the IRS . . . . Misleading taxpayers or their representatives is irresponsible and below the standard of conduct the public has a right to expect of its government. Congress has chosen, however, to apply a 'bright-line' rule in this statute for the sake of administrative efficiency. It is not the province of this court to gainsay the balance struck

---

explicitly stated that there is no equitable exception to the statute of limitations in Section 6532(a)(1). RHI Holdings, 142 F.3d at 1461-62; see also Marcinkowsky I, 44 Fed. Cl. at 613 (questioning whether Se. Bank of Orlando "remain[s] good law" after RHI Holdings).

by Congress between equity and efficiency.").[10]

As this court is bound by the Federal Circuit's decision in RHI Holdings, it cannot permit an equitable exception from the two-year statute of limitations contained in Section 6532(a)(1). Therefore, because the statute of limitations ran before the plaintiff filed its complaint, the court has no option but to dismiss the complant as untimely.

## CONCLUSION

For all the foregoing reasons, the defendant's motion to dismiss is **GRANTED** and the plaintiff's complaint is **DISMISSED** without prejudice. The clerk is directed to enter judgment accordingly. Each party is to bear its own costs.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[10] As the court dismisses the plaintiff's complaint for lack of jurisdiction, it does not reach the merits of the plaintiff's claim. Thus, the court's opinion does not preclude the plaintiff from raising the same arguments against the assessment as it did in its complaint here should the IRS attempt to collect the remainder of the assessment.